## INDIAN TERRITORY ILL. OIL CO. v. MANLEY et al.

No. 21568.    Opinion Filed June 9, 1931.

Clayton B. Pierce and A. M. Covington, for petitioner.

Lillard & Wheeling, for respondents.

HEFNER, J. This is an original proceeding in this court brought by Indian Territory Illuminating Oil Company to review an award of the State Industrial Commission awarding compensation to John D Manley.

The contention of petitioner is that the award is not sustained by the evidence and is contrary to law.

Claimant testified that on the 9th day of November, 1929, while working for petitioner he slipped and fell into a slush pit. That he thereby suffered injury to his back; that about ten minutes after having received the fall he became sick, went into a spasm which manifested itself by a jerking of the muscles of his back and legs. That since receiving the fall he had been unable to work; that he had been working for petitioner for about six months prior to the injury. That he was receiving as his wages $120 per month.

The Industrial Commission found that by reason of the injury claimant suffered total temporary disability, and awarded compensation accordingly.

Petitioner contends that claimant was suffering from hysteria or tetany and was so suffering at the time of the injury; that claimant's trouble was not caused by the accident, but that the accident was caused by his condition.

Several witnesses on behalf of petitioner testified that claimant's fall was due to a fit. Plaintiff, however, testified that he was normal when he fell; that he had experienced no trouble of this kind prior to the accident; that about ten minutes after the accident he was seized with a muscular spasm causing a severe jerking of the muscles of his back and legs.

Petitioner's main contention is that there is no competent evidence establishing that claimant's condition resulted from the accident. That such fact could only be established by expert evidence and that no expert so testified. In this petitioner is in error. Dr. W. H. Crank, a chiropractor, after describing plaintiff's condition and stating that he had an injury to the vertebrae and that he was suffering from a jerking of the arms and legs, further testified:

"Q. Have you any way of determining, Doctor, what—in this particular case—what the cause of this condition is?  A. Well, my diagnosis is that it is caused from injury. As to when that injury was, I cannot say. I didn't see him for something like—I don't know how long after. Whatever time he was hurt; I think it was sometime in January. When was it you were hurt?"

Dr. Sullivan, a medical doctor, after tes-

tifying that claimant was suffering from tetany, further testified:

"Q. So far as you have been able to determine that accident—if he sustained a disability that is the cause of his condition? A. Well, that is my conclusion. That there was some disturbance of the pyrothyroid."

There is expert evidence to the contrary. The evidence is conflicting, but the evidence above detailed is sufficient to support the finding of the Industrial Commission.

Petitioner further contends that there is no evidence to support the finding that plaintiff suffered total temporary disability. Plaintiff's evidence is that he was unable to work since the accident; that he procured a cleaning and pressing establishment, which his wife conducted; that he had done no work except to occasionally answer the telephone for his wife and assist her in making collections. This evidence is sufficient to sustain the finding of the Industrial Commission in this respect.

The petition to vacate the award is denied.

CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and SWINDALL, J., absent.